IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRICE L. ROGERS,<br><br>Defendant. | Case No. CR07-1022<br><br>ORDER FOR PRETRIAL DETENTION |

On the 11th day of December, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by Attorney Rick Lee Sole.

## RELEVANT FACTS

On October 24, 2007, Defendant Tyrice L. Rogers was charged by Indictment (docket number 1) with (1) possession of crack cocaine with intent to distribute, (2) possession of firearms in relation to a drug trafficking crime, (3) possession of firearms as an unlawful user of controlled substances and after having been previously convicted of domestic violence, and (4) possession of a sawed-off shotgun.[1] Defendant has entered a plea of not guilty to the charges and trial is scheduled before Chief Judge Linda R. Reade on February 4, 2008.

Dubuque County Deputy Sheriff Gary Pape, who is currently assigned to the Dubuque County Drug Task Force, testified at the hearing regarding the events of February 15, 2007, giving rise to the instant charges. According to Deputy Pape, the

---

[1] Also on December 11, 2007, following the instant detention hearing, the Grand Jury returned a Superseding Indictment. *See* Local Rule 7.1 Statement (docket number 18).

1

Dubuque County Drug Task Force executed a search warrant at Defendant's home in Dubuque. Found during the search were 4.9 grams of crack cocaine in the freezer portion of the refrigerator and four guns, including two sawed-off shotguns and one .38 "super caliber" handgun. Deputy Pape testified that Defendant, who was present at the house when the search was executed, admitted to officers that three of the guns had been in his possession for two years.[2] Defendant also told officers that the crack found in the freezer was "for sale." The house where the drugs and weapons were found was rented by Defendant's girlfriend, Lakeesha Farrah. It is located sixty feet from Fulton Elementary School.

According to the Pretrial Services Report, Defendant is twenty-four years old. Originally from Chicago, Defendant moved to Dubuque, Iowa, with his mother in 2003. Defendant lived with his mother from 2003-2005 and reportedly lived alone in Dubuque from March 2005 to February 2007. While Defendant has never been married, he and his girlfriend, Latakka Bolds, had a baby in September 2007. Tragically, however, the baby passed away the following month.

The Pretrial Services Report reflects that Defendant pled guilty to "aggravated IVC felonies" at age seventeen and received two years of "special probation." Two violations of that probation were subsequently reported. After moving to Dubuque, Defendant was convicted of domestic abuse with bodily injury in 2005 and domestic abuse with bodily injury-second offense in 2006. Also in 2006, Defendant pled guilty in Colona, Illinois, to a charge of "violate order of protection." Defendant originally received probation on the Illinois charge, but was apparently extradited to Illinois following his arrest on February 15, 2007. His probation in Illinois was revoked, but he was released from custody on October 5, 2007. The Indictment was returned in this case on October 24, 2007, and Defendant was arrested on November 13, 2007.

---

[2]Defendant told officers that he found the derringer in an alley.

Deputy Pape testified that Defendant had twice been arrested for failure to appear, although those charges are not specifically reflected on the Pretrial Services Report. Deputy Pape also testified that "to the best of my knowledge" there are warrants outstanding for Defendant's arrest. The Court was not provided, however, with any detail in that regard. The Court notes that Defendant is still on probation on the domestic abuse charges out of Dubuque County.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged in Count 1 with possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of Defendant as required and the safety of the community. In an effort to rebut the presumption, Defendant suggests that he would be

4

able to return to his mother's home in Dubuque. Defendant also notes that while he has held a number of different jobs, he has generally been employed. Following his recent arrest, Defendant agreed to submit a urine sample, which tested negative for the presence of any illicit drugs.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 6, 2007) to the filing of this Ruling (December 11, 2007) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 11th day of December, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA